UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN N. KANGETHE,<br><br>       Plaintiff,<br><br>       v.<br><br>DISTRICT OF COLUMBIA<br>DEPARTMENT OF EMPLOYMENT<br>SERVICES<br><br>       Defendant. | Civil Action No. 11-2209 (JDB) |

## MEMORANDUM OPINION & ORDER

Plaintiff John N. Kangethe is an employee of the District of Columbia's Department of Employment Services ("DOES").  Kangethe brings this suit pro se asserting violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Equal Pay Act ("EPA").

## PROCEDURAL HISTORY

Kangethe filed his complaint on December 13, 2011.  ECF 1.  On December 30, 2011, the District of Columbia ("the District") filed a motion to dismiss on behalf of DOES arguing that DOES was not a suable entity, and that in any event it had not been properly served.  ECF 3. On January 12, 2012, Kangethe responded to the District's motion and provided a copy of the certificate of service indicating that the complaint had been served on DOES on December 14, 2011.  ECF 5. The District replied on the same date, asserting that the individual whom Kangethe had served was not authorized to accept service.  ECF 6.  On January 17, 2012, Kangethe filed an amended complaint and a motion for default judgment.  ECF 7, ECF 10. The

District filed a motion to dismiss the amended complaint on January 23, 2012 on the same grounds. ECF 9. Kangethe submitted an opposition to the District's motion to dismiss on January 26, 2012, arguing that DOES had been properly served and was a suable entity. ECF 12. On February 27, 2012, the District filed a renewed motion to dismiss the amended complaint, or, in the alternative, for summary judgment, on the grounds that DOES is not a suable entity, and that Kangethe had failed to establish prima facie cases under Title VII, the ADEA, and the EPA. ECF 14. On March 20, 2012, Kangethe responded to the District's motion to dismiss or for summary judgment and submitted his own motion for default judgment, arguing that DOES had failed to file an answer to the complaint. ECF 16, ECF 17. On April 19, 2012, Kangethe filed a supplemental motion for default judgment, this time noting DOES's failure to file an opposition to his first motion for default judgment. ECF 20. On April 23, 2012, the District filed a tardy response to Kangethe's motion for default judgment. ECF 21. For the reasons explained below, both Kangethe's motion for default judgment and the District's motions to dismiss will be **DENIED.**

## DISCUSSION

I.     **Plaintiff's motion for default judgment**

Kangethe argues that this Court should find DOES in default pursuant to Rule 55 of the Federal Rules of Civil Procedure because it has not filed an answer to the complaint within the allotted time. As Kangethe's second motion for default judgment acknowledges, where a party has filed a responsive pleading, such as a motion to dismiss, the motion tolls the period of time within which a party must file an answer to a complaint. ECF 20 at 7. Rule 12(a)(4) of the Federal Rules of Civil Procedure provides that the service of a motion under Rule 12 suspends the movant's time to respond until 14 days after the court's disposition of the motion.

Here, the District filed its latest motion to dismiss on February 27, 2012. As the Court

has not yet decided the District's motion, the District's answer to the complaint is not yet due, and therefore the fact that it has not yet filed an answer is not grounds for the Court to enter an entry of default. Kangethe argues that the District's prior motions to dismiss, which have also not been resolved, should have made the latest motion ineffective to toll the time to file an answer to the complaint. ECF 20 at 7. Kangethe suggests that the fact that he responded to the District's arguments in the first and second motions to dismiss should bar the District's use of its third motion to dismiss, which raises some of the same arguments as its prior motion to dismiss but also includes arguments supporting summary judgment, as a responsive pleading satisfying the requirements of Rule 12(a)(4)(B). Id. Kangethe cites no law in support of this proposition. As the Court had not yet decided the arguments presented in the District's previous motions to dismiss at the time the District filed its third motion, the District's reassertion of those arguments in its third motion was not in any way improper, and did not affect the third motion's status as a responsive pleading under Rule 12(a)(4)(B).

Finally, Kangethe argues that his motion for default judgment should be granted because the District has failed to file an opposition. ECF 20 at 8. At the time of his filing, the District had indeed not filed an opposition to his motion. However, two days later, on April 23, 2012, the District submitted its motion, substantially after the deadline for opposition. Local Rule 7(b) counsels that a court may treat an unopposed motion as conceded. However, that action would be inappropriate here given that the Court does not find merit in Kangethe's argument in support of default judgment.

**II.    Defendant's motion for dismissal**

The District argues that this case should be dismissed because Kangethe has named

DOES, which is non sui juris, as the only defendant.[1] The D.C. Department of Employment Services is a subordinate agency of the District of Columbia Government. See D.C. Code § 1-603.01(17)(O). In this jurisdiction, as in others, non-corporate governmental bodies cannot be sued as separate entities absent explicit statutory authorization. See, e.g., Trifax Corp v. Dist. of Colum., 53 F. Supp. 2d 20, 26 (D.D.C. 1999) (dismissing on non sui juris grounds claims against the Office of Inspector General, Department of Health, Department of Administrative Services, and Department of Human Services). Hence, the D.C. Code does not authorize suits for damages against DOES.

In his opposition, Kangethe points to cases naming DOES as a party as evidence that DOES can be sued. ECF 16 at 5. However, Kangethe confuses suits against DOES for damages with suits seeking judicial review of DOES employment-related administrative decisions, which are explicitly authorized by statute. See, e.g., D.C. Code § 32-1522(b)(3) (authorizing an aggrieved party to petition the District of Columbia Court of Appeals for review of DOES's worker's compensation decisions).

Kangethe also argues that his claim should be allowed to proceed because it is properly construed as one against the District. ECF 16 at 5. However, a suit for damages cannot be maintained against the District without naming the District as a party. See Keith v. Washington, 401 A.2d 468, 472 (D.C. 1979) (noting that the District is an indispensable party in a suit for damages if District of Columbia funds are to be reached). Kangethe inexplicably quotes Galloway v. District of Columbia Courts, No. 91-644, 1991 WL 229949 (D.D.C. Oct. 21, 1991), which, contrary to his assertion, does not suggest that courts are "reluctant to quibble over whether one entity or the other [is] the one suable," but in fact determined that the case should be

---

[1] The District has also argued that the case should be dismissed on the merits. Because the Court concludes that the case cannot proceed against defendant DOES, it will not reach those

allowed to continue against those entities that the court determined were sui juris and should be dismissed as to those that were not.  Galloway, 1991 WL 229949, at *3.  This Court will do the same.  Because DOES is non sui juris, plaintiff cannot proceed against it.

The Court is mindful, however, that plaintiff is proceeding pro se, and that the Court must make allowances for procedural missteps that do not prejudice the opposing party.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Therefore, if plaintiff files an amended complaint naming the District of Columbia as a defendant and properly serves the District, both on or before November 15, 2012, he will be allowed to proceed with his claims.  If those steps are not taken, the case will be dismissed at that time.

## CONCLUSION

Accordingly, for the reasons discussed above, [3] [9] [14] defendant's motions for dismissal will be **DENIED** at this time, and [10] [17] plaintiff's motion for default judgment will be **DENIED**.  Plaintiff shall have until November 15, 2012 to file an amended complaint and serve it on the District of Columbia.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  September 18, 2012

arguments at this time.